JUDGE: TIMOTHY W. DORE
CHAPTER: 7

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

**NORTHLAND FISHERIES INC.**

Debtor(s).

No. 06-12687-TWD

**CHAPTER 7 TRUSTEE'S EX PARTE APPLICATION FOR ORDER AUTHORIZING DISBURSEMENTS**

Michael B. McCarty, the Chapter 7 Trustee herein, applies to this Court, on an ex parte basis, for an Order authorizing him to disburse approximately $8,610.56 to PG Alaska, a creditor of the debtor, Dawson and Gerbic, LLP, the accountants for this estate and the consolidated estates of Mark Maring 06-12691-TWD, and to himself for compensation based upon the funds being disbursed and in support thereof states:

1. Robert Steinberg was the original Chapter 7 Trustee herein.

2. Michael B. McCarty was appointed successor trustee on August 25, 2008.

3. This case was consolidated with 8 other entities under the umbrella case of In re Mark Maring, 06-12691-TDW.

4. Although this case was consolidated with the Maring estate in order to close the estates, some of which had funds and some which did not, either final reports or reports of no distribution were filed in the various cases. In the Northland Fisheries case a Final Report was filed and the case was closed on November 30, 2013.

5. On approximately December 16, 2013 the Trustee received a distribution related to the Exxon/Valdez litigation in the amount of $8,610.56 which he deposited into an account for this estate after having the US Trustee re-open the case.

EX PARTE APPLICATION FOR ORDER AUTHORIZING
DISBURSEMENTS

Page 1

**Michael B. McCarty, Trustee**
400 Warren Ave., Suite 411
Bremerton, WA 98337
(360) 377-2516

6. These bankruptcy proceedings were very complex but culminated in a settlement between the trustee and PG Alaska and other entities.

7. Pursuant to the settlement, which this Court approved on December 16, 2008 under docket entry 205 in the Maring bankruptcy, among other things, PG Alaska was entitled to 50% of any recovery from claims brought by Northland Fisheries, Inc. against Exxon/Valdez.

8. From reviewing docket entries in both this case and the Maring case and from his recollection of the cases, it is clear that PG Alaska, Inc. is entitled to 50% of the proceeds received by the estate and the Trustee proposes to distribute $4,305.28 to PG Alaska, Inc.

9. The Order Approving the Final Report and Applications for Administration entered in the Northland Fisheries, Inc. case shows that the net funds in this case passed through to the Maring bankruptcy estate.

10. In reviewing the docket in the Maring case the trustee would note that the Court awarded Dawson and Gerbic LLP, the accountants for the trustee, compensation and costs of $254,899.08 although those fees were pro rated and Dawson and Gerbic received $92,152.64 on this claim. Lane Powell had attorneys' fees and costs approved in the amount of $265,152.79 which were also prorated. Lane Powell received $95,854.06.

11. The order that awarded the professional fees to Dawson and Gerbic entered on July 2, 2009 (docket entry 272 Maring case) provided:

> 7. It is anticipated that there will be some additional funds in this case. From those additional funds McCarty shall be paid his additional statutory compensation and Dawson and Gerbic may apply for additional fees and be paid any additional allowed fees.

12 On February 15, 2011 under docket entry 301 of the Maring estate, Dawson and Gerbic,LLP filed a second Application for Compensation in which it requested additional compensation for work done subsequent to the entry of the first Order, in the amount of $63,885.00 and costs in the amount of $1,244.16.

EX PARTE APPLICATION FOR ORDER AUTHORIZING
DISBURSEMENTS

Page 2

**Michael B. McCarty, Trustee**
400 Warren Ave., Suite 411
Bremerton, WA 98337
(360) 377-2516

Case 06-12687-TWD    Doc 33    Filed 01/29/14    Ent. 01/29/14 15:13:33    Pg. 2 of 4

13. At the time Dawson and Gerbic filed this second application the trustee had some money on hand to disburse in the Mark Maring case. In the notice that was sent to creditors the trustee stated that "Dawson and Gerbic has filed an interim fee application for fees which greatly exceed the amount in the estate. The Trustee proposes to pay Dawson and Gerbick an additional $9,000 on their new application." There were no objections to this proposal.

14. As best the trustee can determine, any funds in the Northland Fisheries, Inc. case would ordinarily go to the Mark Maring estate and be disbursed in that case. However, in looking at the final report in the Maring case it appears that the only creditors who received a distribution in the case were Dawson and Gerbic LLC and the Clerk of the United States Bankruptcy Court.

15. Under the prior orders of the court no creditors would have received a payment until the new fees of Dawson and Gerbic (63,885.00) were paid and assuming the fees were approved in full. Dawson and Gerbic has received $15,210.58 of the fees incurred after the date of the original order by Judge Steiner approving their fees. In addition the balance of the pro rated claims of Lane Powell would have to be paid before any creditor received a distribution in any of these cases. (There were other estates under the Maring umbrella whose creditors were paid but the separate creditors of the Maring estate were not). The combined unpaid balance of the approved interim fees of Lane Powell and Dawson and Gerbic is approximately $332,045.17. The Trustee is proposing to distribute $3,874.95 to Dawson and Gerbic on the fees they generated after the Court approved their original fees which were pro rated. The Trustee believes that it is inconceivable that any party would object or that the court would not allow additional fees to Dawson and Gerbic of at least significantly more than Dawson and Gerbic is going to receive for its fees and costs incurred after the entry of the original Order by Judge Steiner.

EX PARTE APPLICATION FOR ORDER AUTHORIZING
DISBURSEMENTS

Page 3

**Michael B. McCarty, Trustee**
400 Warren Ave., Suite 411
Bremerton, WA 98337
(360) 377-2516

Case 06-12687-TWD    Doc 33    Filed 01/29/14    Ent. 01/29/14 15:13:33    Pg. 3 of 4

16. The Trustee is requesting compensation based upon 5% of the amount he is proposing to disburse ($8,610.56) or $430.53. The actual amount to be disbursed to the trustee will be slightly less because the Bank charges the estate approximately $8.00 a month for service fees.

17. The Order being presented to the Court is an Agreed Order signed by both a representative of PG Alaska and Dawson and Gerbic LLC.

18. The Maring cases were exceptionally complicated. Rather than revisit a lot of the complications the Trustee is making the proposal contained herein. After the funds are disbursed the Trustee may have to file an amended TFR (Trustee's Final Report) and an amended TDR (Trustee's Distribution Report) or file some other report to satisfy reporting requirements with the United States Trustee and the Trustee will do that. However, in order to disburse these funds the Trustee has made this motion.

WHEREFORE the Trustee moves for entry of an ex parte Order approving additional compensation to Dawson and Gerbic, LLP in the amount of $3,874.95 and compensation to Michael McCarty in the amount of $430.33 and authorizing the disbursements of those amounts to Dawson and Gerbic, LLP and McCarty (less bank charges) and also authorizing disbursement of $4,305.28 to PG Alaska.

Respectfully submitted this 28th day of January, 2014.

*/s/Michael B. McCarty*
Michael B. McCarty, Trustee WSBA#13162

EX PARTE APPLICATION FOR ORDER AUTHORIZING
DISBURSEMENTS

**Michael B. McCarty, Trustee**
400 Warren Ave., Suite 411
Bremerton, WA 98337
Page 4  (360) 377-2516